IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MILTON MCDANIEL,

       Plaintiff,         OPINION & ORDER

 v.

                        13-cv-797-wmc

JOSEPH BEAHM,

       Defendant.

---

*Pro se* plaintiff Milton McDaniel is proceeding on a claim that defendant Joseph Beahm used excessive force against him in violation of the Eighth Amendment. Three matters are before the court: (1) McDaniel's multiple motions to strike Beahm's affirmative defenses; (2) McDaniel's request to add a claim of sexual assault against Beahm; and (3) McDaniel's submissions titled "summary judgment." These matters are resolved as explained below.

OPINION

A. **McDaniel's Motions to Strike Beahm's Affirmative Defenses**

Beahm pled several defenses to McDaniel's complaint, including some that are clearly irrelevant to the sole claim on which McDaniel was permitted to proceed. (Dkt. #14). For example, Beahm asserts affirmative defenses of sovereign immunity, comparative negligence, and failure to file a state law notice of claim, none of which are viable responses to McDaniel's federal constitutional claim for damages against Beahm in his individual capacity. (Dkt. #14, Aff. Def. ¶¶ 1, 2, 5, 8.)

More likely than not, Beahm's counsel simply included a laundry-list of affirmative defenses without considering whether the defenses were relevant to the remaining claim in this case. While understandable, this practice is both improper under the Federal Rules of Civil Procedure and particularly unhelpful in a case involving a *pro se* plaintiff like McDaniel, who has

responded to Beahm's sloppy pleading by filing four separate motions to strike the affirmative defenses (Dkts. ## 15, 18, 30, 38), as well as more than a dozen separate submissions containing legal argument about McDaniel's claims and Beahm's asserted defenses. These submissions show that he has taken the time to research each of the affirmative defenses to determine whether they are properly raised in this case. While this was generally unnecessary given that many of the wholly inapplicable defenses would have fallen away regardless, Beahm could have saved both McDaniel and the court time and effort by basic editing of his defenses at the outset.

Ultimately, McDaniel is entitled to relief and the court will grant McDaniel's motions to strike many of Beahm's affirmative defenses at this time. Specifically, the court will strike the following affirmative defenses from Beahm's answer:

- Sovereign immunity (¶ 1);
- Discretionary immunity (¶ 1);
- Dismissal of official capacity claims (¶ 2);
- Comparative negligence and contributory negligence (¶ 5); and
- Notice of claim, Wis. Stat. § 893.82 (¶ 8)

Beahm's remaining affirmative defenses are properly pleaded and will not be stricken. While McDaniel may believe that the remaining defenses lack merit, his arguments should be raised at the summary judgment stage, not in a motion to strike.

Finally, although the court is granting McDaniel's motions to strike in part, he is reminded that such motions are generally disfavored because they frequently serve only to delay proceedings and divert judicial resources to unnecessary housekeeping tasks. *See Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989). Additionally, McDaniel is not required (or encouraged) under the Federal Rules of Civil Procedure or this court's rules to file

any response to Beahm's answers or affirmative defenses, let alone to file numerous submissions with McDaniel's interpretation of the law. McDaniel's time would be better spent gathering the factual evidence he will need to file or respond to a motion for summary judgment.

B.   **McDaniel's Motion for Leave to Amend His Complaint**

On May 26, 2015, McDaniel filed a motion to amend his complaint to add an Eighth Amendment claim of sexual assault against Beahm. (Dkt. #28.) The proposed claim allegedly arises out of the same interaction as the excessive force claim on which McDaniel already has leave to proceed. Beahm opposed the motion on the ground that McDaniel failed to exhaust his administrative remedies with respect to a sexual assault claim. (Dkt. #33.) On July 28, 2015, the court directed McDaniel to submit evidence showing that he had properly exhausted his administrative remedies or, in the alternative, explain why those remedies were unavailable to him. (Dkt. #55.)

McDaniel by responded by arguing that he did exhaust, identifying three inmate complaints: (1) WCI-2013-21010; (2) WCI-2013-19671; and (3) WCI-2013-17465. (Dkt. #59.) Tellingly however, these are the same complaints submitted by Beahm in support of his argument that McDaniel failed to exhaust any sexual assault claim, (Dkt. #34, Exhs. C, D, E), and McDaniel points to no specific language from these inmate complaints that he believes raises such a claim. Likewise, the court's own review of these complaints reveals no allegations of sexual assault. Since McDaniel's failure to exhaust his administrative remedies renders futile his motion to amend his complaint to add a sexual assault claim, that motion will be denied.

C.   **McDaniel's Motions for Summary Judgment**

Finally, among McDaniel's other filings are two documents titled "Summary Judgment." (Dkts. ##60, 61.) To the extent McDaniel is attempting to move for summary judgment, his

3

submissions do not meet this court's requirements, all of which were provided to McDaniel in writing previously as attachments to the Pretrial Conference Order. (Dkt. #17.) Consistent with those procedures -- another copy of which is attached for McDaniel's convenience to this order -- a motion for summary judgment *must* be accompanied by proposed findings of fact, admissible evidence, and a supporting brief. Accordingly, McDaniel's motions will be denied without prejudice, subject to him resubmitting a motion with proper support on or before the dispositive motion deadline in this case of October 20, 2015.

ORDER

IT IS ORDERED that:

(1) Plaintiff Milton McDaniel's motions to strike affirmative defenses (dkts. ## 15, 18, 30, 38) are GRANTED IN PART and DENIED IN PART consistent with the opinion above.

(2) Plaintiff's motion for leave to amend his complaint (dkt. #28) is DENIED.

(3) Plaintiff's motions for summary judgment (dkts. ##60, 61) are DENIED without prejudice.

Entered this 14th day of September, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge